**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
FREEDOM MORTGAGE CORP.,

         Plaintiff,

   -against-            **REPORT AND**
                   **RECOMMENDATION**

DANIEL WEISBLUM,         CV 19-2033 (DRH) (AKT)
SARA BETH ROMANOFF, and
DISCOVER BANK,

         Defendants.
-----------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.**  **PRELIMINARY STATEMENT**

   Plaintiff Freedom Mortgage Corp. ("Plaintiff") commenced the instant action pursuant to

New York Real Property Actions and Proceedings Law ("RPAPL") Article 13 against

Defendants, Daniel Weisblum ("Weisblum"), Sara Beth Romanoff ("Romanoff") (collectively,

"Mortgagor Defendants"), and Discover Bank (collectively, with Mortgagor Defendants, the

"Defendants"), to foreclose on a mortgage encumbering 82 Elton Street, West Hempstead, New

York 11552 (Block 359, Lot 112) (the "Property"). *See generally* Complaint ("Compl.") [DE 1].

In light of the Defendants' failure to answer or otherwise respond to the Complaint, the Clerk of

Court issued a Certification of Default against them on October 11, 2019, pursuant to Federal

Rule of Civil Procedure ("Rule" or "Fed. R. Civ. P.") 55(a).  DE 16.

   On November 12, 2019, Plaintiff filed a motion seeking entry of default and a Judgment

of Foreclosure and Sale pursuant to Rule 55(b).  *See* Plaintiff's Memorandum in Support of its

Motion for Entry of Default Judgment ("Pl.'s Mem.") [DE 19].  Judge Hurley referred Plaintiff's

Motion for Default Judgment to this Court to determine "whether Plaintiff has demonstrated that

the allegations in the Complaint establish the Defendants' liability such that the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." *See* Electronic Order dated November 13, 2019.  For the reasons which follow, the Court respectfully recommends to Judge Hurley that Plaintiff's motion be GRANTED, in part, and DENIED, in part, to the extent set forth in this Report and Recommendation.

II.   **BACKGROUND**

   A.   **Factual Background**

The following facts are taken from the Complaint, along with any documents annexed to the Complaint, and are assumed to be true for purposes of this motion.  Plaintiff, a New Jersey corporation with its principal place of business located in Mount Laurel, New Jersey, is the owner and holder of the Note and Mortgage in this foreclosure action.  Compl. ¶¶ 2.  The Mortgagor Defendants, citizens of New York, reside in and own the Property.  *Id*. ¶¶ 3-4.  Discover Bank, a Delaware corporation, was made a necessary party to this action because it is the holder of a lien encumbering the Property which is subject and subordinate to the Mortgage. *Id*. ¶ 5.  Each of the Defendants in this action "claim[s] an interest or lien encumbering the Property, which is either subordinate to Plaintiff's Mortgage, or paid in full, equitably subordinated, or adverse to the Mortgage."  *Id*. ¶ 6.

On June 2, 2017, Weisblum duly executed and delivered a Note in the principal sum of $404,537.00 to New York Community Bank (the "Note").  Compl. ¶ 9; Note ¶ 2, annexed to the Compl. [DE 1-3 at 3-6].  That same day, the Mortgagor Defendants, Weisblum and Romanoff, executed and delivered a mortgage against the Property in the amount of $404,537.00 to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for New York

Community Bank (the "Mortgage"). Compl. ¶¶ 3-4, 10; Mortgage ¶¶ 1, 22, annexed to the Compl. [DE 1-3 at 8-16]. The Mortgage was recorded in the Nassau County Clerk's Office on June 19, 2017 at Book 42188, Page 458. Proof of Electronic Filing, annexed to the Compl. [DE 1-3 at 7]. On September 17, 2018, MERS assigned the Mortgage to Plaintiff. *Id.* ¶¶ 2, 11; Assignment of Mortgage, annexed to the Compl. [DE 1-3 at 18-19]. This assignment was recorded in the Nassau County Clerk's Office on January 23, 2019 at Book 43264, Page 263. *See* Proof of Electronic Filing, annexed to the Compl. [DE 1-3 at 17].

As defined in the Note, the "Borrower means each person signing at the end of this Note, and the person's successors and assigns." Note ¶ 1. As stated, the only signatory to the Note is Weisblum. The Note provides, in pertinent part, that the "Borrower promises to pay the principal sum of [$404,537.00], plus interest … charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of [4.25%] per year until the full amount of principal has been paid." *Id*. ¶ 2. This promise was "secured by a mortgage, deed of trust or similar security instrument … called the 'Security Instrument.' That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note." *Id.* ¶ 3. In the event that payments on the Note are untimely, the lender is entitled to late charges in the amount of 2% of the overdue amount of each payment. *Id*. ¶ 6(A). In the event of a default, the Note permits the lender to "require immediate payment in full of the principal balance remaining due and all accrued interest." *Id*. ¶ 6(B). If a default occurs, the lender "may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note." *Id*. ¶ 6(c).

The Mortgage provides that each monthly payment shall include "together with principal and interest as set forth in the Note and any later charges, a sum for (a) taxes and special

3

assessments levied or to be levied against the Property … and (c) premiums for insurance required under Paragraph 4." Mortgage ¶ 2. Paragraph 4 of the Mortgage requires insurance against any "hazards, causalities, and contingencies." *Id*. ¶ 4. Similar to the Note, if the borrower defaults on any payment required by the Mortgage, the lender may "require immediate payment in full of all sums secured by this Security Instrument." *Id*. ¶ 9. The Mortgage also entitles the lender "to collect all expenses incurred in pursuing [foreclosure], including, but not limited to, reasonable attorney's fees and costs of title evidence." *Id*. ¶ 18.

According to Plaintiff, the Mortgagor Defendants failed to make payments within the terms of the Note and Mortgage on April 1, 2018, and defaulted on the remaining payments thereafter. Compl. ¶ 12. As a result of the default, Plaintiff alleges that the Mortgagor Defendants owe Plaintiff the unpaid principal balance of $398,296.50,[1] together with interest at a rate of 4.25% as of May 1, 2018, late charges, monies advanced for taxes, assessments, insurance, maintenance and preservation of the Property, and the costs, allowances, expenses of sale, and reasonable attorney's fees for the foreclosure. *See id*. ¶ 13; *see also* Judgment Affidavit of Erica D. Tracy, Freedom Mortgage FCI Specialist III ("Tracy Aff."), ¶ 10, annexed as Ex. F to the Declaration of Stephen J. Vargas, Esq. in Support of Plaintiff's Motion for Default Judgment ("Vargas Decl.") [DE 20-6].

Plaintiff alleges it has complied with the notice provisions of the Mortgage and RPAPL Section 1304, and has filed the information required by RPAPL Section 1306. Compl. ¶ 15.

---

[1] Although the Complaint provides that an unpaid principal balance of $399,449.26 with interest accruing from March 1, 2018 is owed, the Judgment Affidavit of Erica Tracy, Plaintiff's Foreclosure Specialist with personal knowledge regarding this matter, asserts that the unpaid principal balance owed is $398,296.50, plus interest accruing from May 1, 2018. *Compare* Compl. ¶ 13, *with* Tracy Aff. ¶ 10. The Court attributes this discrepancy to the payments made by the Mortgagor Defendants subsequent to the filing of this action.

Plaintiff has not brought any other action to recover any sum secured by the Mortgage or, if any such action is pending, final judgment for Plaintiff was not rendered, and it is the intent of the Plaintiff to discontinue it. *Id.* ¶ 16.

**B.    Relevant Procedural History**

On April 9, 2019, Plaintiff commenced the instant action against Defendants. *See generally* Compl. Service of the Summons and Complaint was thereafter effectuated on Defendants on April 19 and April 26, 2019, respectively. DE 7–9. On May 17, 2019, Plaintiff offered the Mortgagor Defendants a partial claim trial period plan under which the Mortgagor Defendants were to tender three monthly payments of $3,187.51 and satisfy other certain preconditions to render them eligible for a permanent loan modification. DE 13. After the Mortgagor Defendants tendered only two payments under the partial claim trial period plan, Plaintiff resumed prosecution of the instant action. DE 14.

When Defendants failed to timely answer or otherwise defend this action, Plaintiff requested that a certificate of default be entered by the Clerk's Office. DE 15. On October 11, 2019, the Clerk of the Court issued a default against each Defendant in this action. DE 16. Plaintiff filed the instant motion for default judgment on November 12, 2019. *See* DE 18-21. Judge Hurley referred the motion to this Court for a report and recommendation "as to whether Plaintiff has demonstrated that the allegations in the Complaint establish the Defendants' liability such that the motion for default judgment should be granted, and, if so, to determine the appropriate amount of damages, costs, and/or fees, if any, to be awarded." Electronic Order dated November 13, 2019.

III.   <span>L</span>EGAL <span>S</span>TANDARD

For a movant to obtain a default judgment, it must complete a two-step process.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Once the clerk's certificate of default is issued, the moving party may then make an application for entry of a default judgment, pursuant to Rule 55(b).  *Id*.  A default constitutes an admission of all well-pleaded factual allegations in the complaint and the allegations as they pertain to liability are deemed true.  *See* Fed. R. Civ. P. 8(b)(6); *Byrnes v. Eltman Law, P.C.*, CV 18-1485, 2019 WL 4578922, at *2 (E.D.N.Y. Aug. 22, 2019), *report and recommendation adopted,* 2019 WL 4575380 (E.D.N.Y. Sept. 20, 2019); *Joe Hand Promotions, Inc. v. Duke Bazzel Tobacco & Lounge LLC*, No. 13-CV-300, 2014 WL 2711168, at *1 (N.D.N.Y. Jun. 16, 2014); *Gesualdi v. Specialty Flooring Systems, Inc.*, No. 11-CV-5937, 2014 WL 2208195, at *2 (E.D.N.Y. May 28, 2014); *Joe Hand Promotions, Inc. v. El Norteno Restaurant Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Greyhound Exhibitgroup, Inc. v. E.I. U.I. Realty Corp.*, 973 F. 2d 155, 158 (2d Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993)); *Finkel v. Omega Commc'n Servs., Inc.*, 543 F. Supp. 2d 156, 158 (E.D.N.Y. 2008) (citing *Garden City Boxing Club, Inc. v. Batista*, No. 05-CV-1044, 2007 WL 4276836, at *2 (E.D.N.Y. Nov. 30, 2007)).

However, "just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right."  *Profi-Parkiet Sp. Zoo v. Seneca Hardwoods LLC*, No. 13-CV-4358, 2014 WL 2169769, at *3 (E.D.N.Y. May 23, 2014), *adopted by* 2014 WL 2765793 (E.D.N.Y. Jun. 18, 2014) (internal quotations omitted); *Bravado Int'l Grp. Merchandising Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009).  The fact that a complaint remains

unanswered will not suffice to establish liability on the claims since "a default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading." *Said v. SBS Elecs., Inc.*, No. 08-CV-3067, 2010 WL 1265186, at *2 (E.D.N.Y. Feb. 24, 2010), *adopted as mod. by* 2010 WL 1287080 (E.D.N.Y. Mar. 31, 2010); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[I]t remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

In determining whether a default judgment should be entered, courts consider the same factors which apply to a motion to set aside entry of a default, namely: "1) whether the defendant's default was willful; 2) whether defendant has a meritorious defense to plaintiff's claims; and 3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Reliance Commc'ns LLC v. Retail Store Ventures, Inc.*, No. 12-CV-2067, 2013 WL 4039378, at *2 (E.D.N.Y. Aug. 7, 2013) (citing *Mason Tenders Dist. Council v. Duce Constr. Corp.,* No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003)); *see also NewBank v. Fig Tree Mkt. LLC*, 19-CV-1855, 2019 WL 5537694, at *2 (E.D.N.Y. Oct. 24, 2019) ("The first factor a court shall consider to determine the defendant's liability on a default judgment arising from a breach of contract is the willfulness of the default."); *O'Callahan v. Sifre*, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) (finding that courts may consider "numerous factors, including whether plaintiff has been substantially prejudiced by the delay involved [ ] and whether the grounds for default are clearly established or in doubt" when deciding a motion for default judgment) (internal quotations and citation omitted).

Ultimately, the decision to grant a motion for default judgment is left to the sound discretion of the court. *See Finkel v. Romanowicz*, 577 F. 3d 79, 87 (2d Cir. 2009) ("In

permitting, but not requiring, a district court to conduct a hearing before ruling on a default judgment, Rule 55(b) commits this decision to the sound discretion of the district court."); *Palmieri v. Town of Babylon*, 277 Fed. App'x. 72, 74 (2d Cir. 2008); *Shah v. New York State Dep't of Civil Serv.*, 168 F.3d 610, 615 (2d Cir. 1999) ("The dispositions of motions for entries of defaults and default judgments ... are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties.") (internal quotations omitted); *Enron Oil Corp. v. Diakuhara*, 10 F. 3d 90, 95 (2d Cir. 1983) ("The circumscribed scope of the district court's discretion in the context of a default is a reflection of our oft-stated preference for resolving disputes on the merits."); *Ainbinder v. Money Ctr. Fin. Grp., Inc.*, No. 10-CV-5270, 2014 WL 1220630, at *2 (E.D.N.Y. Mar. 24, 2014) ("The determination of a motion for default judgment is left to the sound discretion of the district court") (citing *Shah*, 168 F. 3d 610, 615).

## IV.   DISCUSSION

### A.   Default Judgment

#### 1.   *Default Judgment Against the Mortgagor Defendants*

##### a.   Willfulness

When a defendant is continually and "entirely unresponsive," a defendant's failure to respond is considered willful. *See Trs. of the Pavers and Rd. Builders Dist. Council Welfare, Pension, Annuity and Apprenticeship, Skill Improvement and Safety Funds v. JREM Constr. Corp.*, No. 12-CV-3877, 2013 WL 618738 at *3 (E.D.N.Y. Jan. 28, 2013); *Bridge Oil Ltd. v. Emerald Reefer Lines*, LLC, No. 06-CV-14226, 2008 WL 5560868, at *2 (S.D.N.Y. Oct. 27, 2008). Under the present facts, Defendants failure to respond to the Complaint sufficiently demonstrates willfulness. *See, e.g., Elgard Corp. v. Brennan Const. Co.*, 248 Fed. App'x. 220,

222 (2d Cir. 2007); *W. Coast 2014-7, LLC v. Portillo-Pena*, No. 15-CV-6036, 2016 WL 4506749, at *5 (E.D.N.Y. Aug. 5, 2016), *report and recommendation adopted*, No. 15-CV-6036, 2016 WL 4507003 (E.D.N.Y. Aug. 26, 2016); *Eastern Sav. Bank, FSB v. Beach*, No. 13-CV-0341, 2014 WL 923151, at *5 (E.D.N.Y Feb. 12, 2014), *adopted by* 2014 WL 923151 (E.D.N.Y. Mar. 10, 2014); *Indymac Bank v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007).

In the instant action, Plaintiff has submitted affidavits of service demonstrating that the Mortgagor Defendants were served with the Summons and Complaint on April 26, 2019. DE 8–9. Despite service having been properly effectuated, neither of the Mortgagor Defendants answered or otherwise responded to the Complaint, nor did they request an extension of time to do so. There is no indication that the Mortgagor Defendants' failure to respond to the Complaint, despite being properly served, was anything but deliberate. For these reasons, the Court finds that this factor weighs in favor of entering default judgment against the Mortgagor Defendants.

### b.  Meritorious Defense

Turning to the next factor, the Court is unable to make a determination whether the Mortgagor Defendants have a meritorious defense since no such defense has been presented to the Court. *See, e.g., Bridge Oil Ltd.*, 2008 WL 5560868, at *2; *United States v. Estate of Callard*, No. 11-CV-4819, 2017 WL 685604, at *7 (E.D.N.Y. Feb. 1, 2017), *report and recommendation adopted sub nom. United States v. Callard*, No. 11-CV-4819, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017); *Empire State Carpenters Welfare v. Darken Architectural Wood*, No. 11-CV-46, 2012 WL 194075, at *3 (E.D.N.Y. Jan. 17, 2012). Although the Mortgagor Defendants' default constitutes an admission of all the factual allegations contained in the

Complaint as they relate to liability, Plaintiff must nevertheless demonstrate that the uncontested allegations set forth valid claims. *See Finkel*, 577 F. 3d at 83 n.6; *LG Capital Funding, LLC v. FLASR, Inc.*, 422 F. Supp. 3d 611, 623 (E.D.N.Y. 2018) ("With respect to liability, a defendant's default does no more than concede the complaint's factual allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

In order to demonstrate entitlement to a foreclosure, a plaintiff must demonstrate the following elements: "the existence of an obligation secured by a mortgage, and a default on that obligation." *Gustavia Home, LLC v. Saagber*, No. 16-CV-2099, 2017 WL 2684266, at *3 (E.D.N.Y. June 2, 2017) *report and recommendation adopted*, 2017 WL 2684026 (E.D.N.Y. June 21, 2017) (quoting *OneWest Bank, N.A. v. Hawkins*, No. 14-CV-4656, 2015 WL 5706945, at *5 (E.D.N.Y. Sept. 2, 2015)); *Beach*, 2014 WL 923151, at *5 (quoting *1st Bridge LLC v. 682 Jamaica Avenue, LLC*, No. 08-CV-3401, 2010 WL 4608326, at *3 (E.D.N.Y. July 13, 2010)); *77 Charters, Inc. v. SYC Realty LLC*, No. 10-CV-1681, 2012 WL 1077706, at *13 (E.D.N.Y. Feb. 27, 2012). "If these elements are established, the mortgagee has a 'presumptive right to collect, which can only be overcome by an affirmative showing by the defendant.'" *Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1704303, at *5 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom. Wilmington PR Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020) (quoting *FirstStorm Partners 2 LLC v. Vassel*, No. 10-CV-2356, 2012 WL 1886942, at *3 (E.D.N.Y. Mar. 8, 2012).

As such, the Court must look to the governing instruments, *i.e.*, the Note and Mortgage, to determine whether the requisite elements of a claim for mortgage foreclosure have been adequately set forth. *Parker*, 2020 WL 1704303, at *5 (citing *RCB Equities #3, LLC v. Alma*

*Building, LLC*, No. 11-CV-1004, 2012 WL 832263, at *3 (E.D.N.Y. Feb. 22, 2012)).  "Once the plaintiff submits the mortgage, the unpaid note, and evidence of the default, it has satisfied its prima facie entitlement to judgment."  *Windward Bora, LLC v. Chazon*, No. 19-CV-3912, 2020 WL 1034362, at *3 (E.D.N.Y. Jan. 8, 2020), *report and recommendation adopted*, No. 19-CV-3912, 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020) (citations omitted).

In the instant action, Plaintiff has submitted the Note and Mortgage, along with a Declaration from Erica D. Tracy, Plaintiff's Foreclosure Specialist III who has personal knowledge regarding the Mortgagor Defendants' default.  The Complaint sufficiently pleads, and the documents annexed to the Complaint and instant motion support, the existence of a duly executed Note and Mortgage and default on the obligations arising from the Mortgage.  On June 2, 2017, Weisblum executed and delivered a Note pursuant to which he promised to pay the principal sum of $404,537.00, plus interest on any unpaid amount due.  *See* Compl. ¶ 9; Note ¶ 2.  That same day, the Mortgagor Defendants executed and delivered a Mortgage to MERS which secured payment of the Note in the amount of $404,537.00.  *See* Compl. ¶¶ 3-4, 10; Mortgage ¶ 1.  MERS later assigned the Mortgage to Plaintiff on September 17, 2018.  *See* Compl. ¶¶ 2, 11; *see* Assignment of Mortgage, attached to Certificate of Merit [DE 1-3].  This assignment was recorded on January 23, 2019 in the Nassau County Clerk's Office at Book 43264, Page 263.  *See* Proof of Electronic Filing, attached to Certificate of Merit [DE 1-3].  As alleged in the Complaint, and attested to in the Tracy Declaration, the Mortgagor Defendants have failed to make payment in accordance with the terms of the Note and Mortgage due on April 1, 2018 and have defaulted on the remaining payments thereafter.  *See* Compl. ¶ 13; Tracy Aff. ¶ 6.  Plaintiff issued the requisite pre-foreclosure notices to the Mortgagor Defendants pursuant to the Mortgage and RPAPL Section 1304.  *See* Compl. ¶ 15; Tracy Aff. ¶ 7.  As such,

in accordance with the Note and Mortgage, Plaintiff has declared due and is entitled to the unpaid amounts on the Note and secured by the Mortgage.  *See* Note ¶ 6(B), Mortgage ¶ 9.

For these reasons, Plaintiff has successfully made out a cause of action for foreclosure and this factor weighs in favor of entering default judgment against the Mortgagor Defendants.

### c.    Prejudice

The final factor for the Court to consider is whether the non-defaulting party would be prejudiced if the motion for default judgment were to be denied.  Denying this motion would be prejudicial to Plaintiff "as there are no additional steps available to secure relief in this Court."  *W. Coast 2014-7*, 2016 WL 4506749, at *6 (citing *Bridge Oil Ltd.*, 2008 WL 5560868, at *2); *see also United States v. Estate of Sobrane*, No. 11-CV-4995, 2017 WL 629403, at *7 (E.D.N.Y. Jan. 31, 2017), *report and recommendation adopted*, No. 11-CV-4995, 2017 WL 627412 (E.D.N.Y. Feb. 15, 2017) (citing *Trs. of the Pavers*, 2013 WL 618738 at *3).  If a judgment of foreclosure is not granted, Plaintiff will have no alternative legal redress to recover the losses it has sustained and for these reasons this factor weighs in favor of entering default judgment.  *See Gustavia Home*, 2017 WL 2684266, at *3.

Since all three factors weigh in favor of entering default judgment, the Court respectfully recommends to Judge Hurley that default judgment be entered against the Mortgagor Defendants.

### 2.    *Default Judgment Against Defendant Discover Bank*

Plaintiff has named Discover Bank as a co-defendant and necessary party to this action. *See* Compl. ¶ 5.  Although no copy of the lien was provided with the instant motion, the Complaint alleges that Discover Bank is the holder of a "lien encumbering the Property, which is subject and subordinate to the Plaintiff's Mortgage."  *Id*.

Section § 1331 of RPAPL provides that the necessary parties to a mortgage foreclosure action include: "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff." RPAPL § 1311(3). This rule "derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *N.C. Venture I, L.P. v. Complete Analysis, Inc.*, 22 A.D.3d 540, 542–43, 803 N.Y.S.2d 95 (2d Dep't 2005) (quoting *Polish Nat'l Alliance v. White Eagle Hall Co.*, 98 A.D.2d 400, 470 N.Y.S.2d 642, 646 (2d Dep't 1983)).

"Courts regularly enter default judgments in foreclosure actions against defendants with 'nominal interests' in the relevant property, including parties holding subordinate liens or non-owner tenants," or holders of subordinate mortgages. *E. Sav. Bank, FSB v. Robinson*, No. 13-CV-7308, 2016 WL 3365091, at *4 (E.D.N.Y. May 9, 2016) (collecting cases), *report and recommendation adopted sub nom. E. Sav. Bank, v. Robinson*, 2016 WL 3102021 (E.D.N.Y. June 2, 2016); *see also E. Sav. Bank, FSB v. Strez*, No. 11-CV-1543, 2013 WL 6834806, at *6 (E.D.N.Y. Dec. 20, 2013) (entering default judgment against the "holder of a subordinate lien on the premises" who failed to respond to the complaint); *UFP Atl. Div., LLC v. Route 299 Retail Ctr., LLC*, No. 12-CV-00053, 2013 WL 1122442, at *2 (N.D.N.Y. Mar. 18, 2013) (granting default judgment against the defendant holder of "a mortgage on the property at issue that is subordinate to Plaintiff's" and stating that the defendant's "failure to respond to the amended complaint constitutes a concession to this well-pleaded allegation of liability"). "When a default judgment is entered against a defendant with a 'nominal interest' in a property, any such interest in the relevant property is terminated." *Robinson*, 2016 WL 3365091, at *4 (citing *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2013 WL 3282889, at *2 (E.D.N.Y. June 27, 2013)

13

(extinguishing the interests of a defaulting defendant who held "a subordinate second mortgage on the premises"); *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204, 2012 WL 2529196, at *14 (E.D.N.Y. June 29, 2012) (collecting cases)).

In the instant action, the Complaint alleges that Discover Bank has or may claim an interest in the Property by virtue of a lien. Compl. ¶ 5. According to the Complaint, this lien is "subject and subordinate to the Plaintiff's Mortgage." *Id*. Discover Bank was properly served with the Summons and Complaint in this action on April 19, 2019, but failed to answer or otherwise respond, resulting in the entry of default. *See* DE 7. As such, Plaintiff's allegations of liability against Discover Bank are deemed conceded. *See Greyhound*., 973 F.2d at 158 (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) and Fed. R. Civ. P. 8(d)); *City of New York v. Mickalis Pawn Shop, LLC*, 645 F. 3d 114, 137 (2d Cir. 2011) ("It is an 'ancient common law axiom' that a defendant who defaults thereby admits all 'well-pleaded' factual allegations contained in the complaint.) (citation omitted); *Finkel*, 577 F. 3d at 84 ("[A] a court is required to accept all of the [Plaintiff's] factual allegations as true and draw all reasonable inferences in its favor") (citation omitted). Because Plaintiff's well-pleaded allegations establish that any liens or other interests that Discover Bank may have against the Property are subordinate to the Mortgage, Plaintiff has established the nominal liability of this Defendant. *See Beach*, 2014 WL 923151, at *8.

For these reasons, the Court respectfully recommends to Judge Hurley that default judgment be entered against Discover Bank and that its interest in the Property be terminated. *See E. Sav. Bank, FSB v. Rabito*, No. 11-CV-2501, 2014 WL 4804872, at *7 (E.D.N.Y. Sept. 10, 2014), *report and recommendation adopted*, No. 11-CV-2501, 2014 WL 4804901 (E.D.N.Y. Sept. 26, 2014) ("Since these defendants have been served, and have defaulted, they too should

14

be subject to the entry of a default judgment extinguishing any rights they may have had with respect to the property."); *W. Coast 2014-7, LLC*, 2016 WL 4506749, at *8 ("[Defendants] are necessary parties to this foreclosure action, and since they were served, and have defaulted, they too should be subject to the entry of a default judgment extinguishing any rights they may have had with respect to the property.") (internal quotation omitted).

## B.   Damages

Although a party's default is viewed as a concession of all well-pleaded allegations of liability, it is not considered an admission of damages. *Greyhound*, 973 F.2d at 158. Therefore, once a party's default as to liability is established, a plaintiff still must prove damages. *See Cement and Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. and Training Fund and Other Funds v. Metro Found. Contractors, Inc.*, 669 F. 3d 230, 234 (2d Cir. 2012); *Gutman v. Klein*, No. 03-CV-1570, 2010 WL 4975593, at *1 (E.D.N.Y. Aug. 19, 2010) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") (citing *Flaks v. Koegel*, 504 F. 2d 702, 707 (2d Cir. 1974)). The only question remaining, then, is whether Plaintiff has provided adequate support for the damages sought. *See Gutman*, 2010 WL 4975592, at *1 (burden is on plaintiff to establish entitlement to damages) (citing *Bravado Int'l Group Merch. Servs.*, 655 F. Supp. 2d at 189); *Greyhound*, 973 F.2d at 158.

In support of the request for damages, Plaintiff has provided the Affidavit of Erica D. Tracy, Plaintiff's Foreclosure Specialist, who attests to having examined Plaintiff's business records relating to the Mortgage. *See* Tracy Aff. ¶ 2. Tracy also asserts having personal knowledge of the operation of and the circumstances surrounding the preparation, maintenance, distribution, and retrieval of the records in Plaintiff's record keeping systems. *Id*. The Tracy

15

Affidavit provides an itemization of the amounts due and owing on the Note and Mortgage and attaches several computer-generated transaction records.  *See generally id.*  These records include transaction summaries of the Mortgagor Defendants payment history between September 2009 and September 2019, payments to and from Plaintiff's escrow account, late charges, property inspection fees, and other ancillary summary records.  *See generally id.*

Based on these documents, the Tracy Affidavit states that the following amounts remain due and owing on the Note and Mortgage:  (1) an outstanding principal balance in the amount of $398,296.50; (2) accrued interest on the outstanding principal balance in the amount of $25,001.00; (3) late charges of $636.80; (4) hazard insurance charges of $3,172.00; (5) property tax charges in the amount of $14,909.96; (6) primary mortgage insurance charges of $4,403.18; and (7) property inspection charges of $280.00.  *Id.* ¶ 10.

### 1.    *Principal Balance*

Plaintiff seeks to recover $398,296.50 in outstanding principal owed on the Note.  *See* Tracy Aff. ¶ 10.  The original principal amount of the loan was $404,537.00.  *See* Compl. ¶ 9; Note ¶ 4.  The Tracy Affidavit provides a transaction history in connection with the Note which lists, among other things, the date of each payment made under the Note, the amount of the payment, and the portion of each payment applied to the principal, interest, and escrow.  *See* Transaction History, annexed to Tracy Aff. [DE 20-6 at 52-53].  Having reviewed the amounts of each payment applied to the principal loan, the Court finds that the transaction history corroborates the outstanding principal on the Note of $398,296.50.  *See id.*; *W. Coast 2014-7*, 2016 WL 4506749, at *10 (relying on payment transaction history to substantiate the principal balance owed on note).

16

Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff be awarded the outstanding principal due and owing in the amount of $398,296.50 against Defendant Weisblum, the borrower under the Note. *See Bright*, 2013 WL 3282889, at *2 (holding that "[s]ince it is undisputed that the outstanding principal balance is $209,634.55 and that amount is substantiated by the transaction history submitted, I recommend awarding that amount.").

### 2.    *Interest on Principal*

Plaintiff seeks interest in the amount of $25,001.00 accrued from May 1, 2018 to October 23, 2019 at a rate of 4.25%. *See* Tracy Aff. ¶ 10. In accordance with the Note, the borrower promised to pay "interest … charged on unpaid principal … at the rate of [4.25%] per year until the full amount of principal has been paid." Note ¶ 2. The Tracy Affidavit does not explain how it calculated the accrued interest and the Court cannot readily identify any records submitted with the Affidavit which supports the interest requested. Nonetheless, the Court conducted an independent calculation to confirm the accuracy of the interest requested by taking the principal balance (*i.e.,* $398,296.50) and multiplying it by the interest rate (*i.e.,* 4.25%), and then dividing that number by 365 days to obtain the per diem interest, which in this case equals $46.38. Since there are 540 days between May 1, 2018 and October 23, 2019, the amount of accrued interest is calculated by multiplying 540 by the per diem interest, which amounts to $25,045.20. Although there is a slight discrepancy between the Court's calculated interest and the Plaintiff's requested interest, the Court attributes this difference to certain unapplied funds in the amount of $43.92, which the Court assumes was applied to the accrued interest. *See* Unapplied Balance History, annexed to Tracy Aff. [DE 20-6 at 51]. Therefore, deducting those funds from the interest calculated results in a total accrued interest of $25,001.28.

Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff be awarded $25,001.00 in accrued interest against Defendant Weisblum. *See Wilmington PT Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1704303, at *8 (E.D.N.Y. Mar. 20, 2020), *report and recommendation adopted sub nom. Wilmington PR Corp. v. Parker*, No. 19-CV-2380, 2020 WL 1703634 (E.D.N.Y. Apr. 8, 2020) (recommending that plaintiff be awarded interest in an amount independently calculated from the note and factual allegations pled); *Bright*, 2013 WL 3282889, at *3 (awarding plaintiff per diem interest until the entry of judgment in a mortgage foreclosure action).

### 3.    Late Fees

Plaintiff seeks late fees in the amount of $636.80. *See* Tracy Aff. ¶ 10. The terms of the Note provide for late fees calculated at 2% of the overdue amount of each payment. *See* Note ¶ 6(a). The Tracy Affidavit contains a balance history of the late fees assessed in connection with the Note. *See* Late Charge Balance History, annexed to Tracy Aff. [DE 20-6 at 54-58]. Although the balance history reflects late fees assessed in the amount of $716.40 and not $636.80, the Court attributes that discrepancy to the two payments made after the filing of the instant action which presumably were partially applied to the balance of the assessed late fees. *See id*. ¶ 9. Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff be awarded $636.80 in accrued interest against Defendant Weisblum.

### 4.    Taxes, Insurance, and Inspections

Plaintiff also seeks to recover various amounts paid on the Mortgagor Defendants' behalf for property taxes, hazard insurance, primary mortgage insurance, and property inspections. *See* Tracy Aff. ¶ 10. Specifically, Plaintiff seeks: (1) $3,172.00 for hazard insurance; (2) $14,909.96 for property taxes; (3) $4,403.18 for primary mortgage insurance; and (4) $280.00 for property

inspections. *Id*. The Mortgage provides that the borrower is responsible for paying the lender all amounts necessary for taxes and special assessments on the Property and premiums for any insurance against any hazards, causalities, and contingencies. *See* Mortgage ¶¶ 2, 4. The Mortgage also entitles the lender to collect all expenses incurred in pursuing foreclosure, which includes the property inspections which were conducted after the filing on the instant action. *See id*. ¶ 18. In the event that the borrower fails to make these payments, the lender may do so and pay whatever is necessary to protect the value of the Property. Such amounts disbursed by the lender become an additional debt of the borrower and are secured by the Mortgage. *See id*. ¶ 7.

The Tracy Affidavit provides an itemization of the disbursements made on the Mortgagor Defendants' behalf for hazard insurance, property taxes, and primary mortgage insurance. *See* Tracy Aff. ¶ 10. The Affidavit also includes a transaction history which lists, among other things, the date and amount of the specific disbursements made. *See* Transaction History, annexed to Tracy Aff. [DE 20-6 at 52-53]. The transaction history demonstrates that advancements were made for each disbursement to the Mortgagor Defendants' escrow account. *See id*. A separate summary of all escrow transactions was also submitted with the Tracy Affidavit. *See* Escrow Balance History, annexed to Tracy Aff. [DE 20-6 at 60]. These records substantiate the disbursements made for hazard insurance, property taxes, and primary mortgage insurance on the Property. As it relates to the amounts incurred for the property inspections, the Tracy Affidavit contains a fee schedule which lists the date of the assessed fee, amount of the fee, and the ongoing balance of the fees owed. *See* Property Inspection Balance History, annexed to Tracy Aff. [DE 20-6 at 49]. This fee schedule corroborates the total amount incurred for property inspections. *See id*.

Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff be awarded $3,172.00 for hazard insurance, $14,909.96 for property taxes, $4,403.18 for primary mortgage insurance, and $280.00 for property inspections against Defendant Weisblum.  *See E. Sav. Bank, FSB v. Whyte*, No. 13-CV-6111, 2015 WL 790036, at *7 (E.D.N.Y. Feb. 24, 2015) (recommending that the plaintiff be reimbursed for advances it made to pay taxes and hazard insurance on the mortgage premises where the terms of the mortgage required the defaulting defendant to pay these expenses); *Bright,* 2013 WL 3282889, at *3 (E.D.N.Y. June 27, 2013) (recommend that plaintiff be awarded the negative escrow balance for amount paid on defendant's behalf for taxes and hazard or property insurance).

### C.    Foreclosure and Sale of the Property

A plaintiff is entitled to foreclose on a property if it demonstrates "'the existence of an obligation secured by a mortgage, and a default on that obligation.'"  *1st Bridge LLC*, 2010 WL 4608326, at *3 (quoting *United States v. Fugle*, No. 00-CV-0540, 2003 WL 251948, at *2 (W.D.N.Y. Jan. 25, 2003)).  In the instant action, Plaintiff has produced copies of the agreements establishing the Mortgage on the Property as well as evidence that Defendant Weisblum defaulted on his obligation with respect to the underlying debt by failing to make the required monthly payments beginning April 2018.

The Court therefore respectfully recommends to Judge Hurley that the Property be foreclosed and sold, with the proceeds to be applied to the amount owed on the Note, including the disbursements set forth above, which constitute obligations secured by the Property under the terms of the Mortgage.  The Court further recommends that Plaintiff's request for the Court "to appoint a Referee to sell the mortgage premises" also be granted.  *See* Pl.'s Mem. at 8; Vargas Decl. at 4.

### D.    Costs

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta, P.C.*, 818 F. 2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v. Evans*, No. 12-CV-3049, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014). "However, it is incumbent upon the party seeking reimbursement of its costs to provide the Court adequate substantiation in the form of receipts and other documents not only showing such costs were incurred, but that they were paid." *Estate of Sobrane*, 2017 WL 629403, at *7; *see also Volpe v. Nassau Cty.*, No. 12-CV-2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears the burden of adequately documenting and itemizing the costs requested.") (internal quotation omitted).

Plaintiff seeks reimbursement of costs in the amount of $2,313.38 s as follows:  (1) $400 for the civil case filing fee; (2) $663.38 for paid searches; (3) $505.00 for service of process; (4) $345.00 for the Notice of Pendency filing fee; (5) $45.00 for death certificates; (6) $344.00 for tax map verification.  *See* Statement of Damages, annexed as Ex. G to Vargas Decl. [DE 20-6 at 62-68].  In support of the costs requested, Plaintiff has submitted receipts for the paid searches and service of process, but did not provide any receipts or other documentary proof of the remaining costs incurred.  *See id*.  While the Court may take judicial notice of the $400 filing fee reflected on the docket sheet, the Court is unable to recommend an award of costs for the remaining expenditures which lack documentary proof.  *See Estate of Sobrane*, 2017 WL 629403, at *7 ("[A] Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket.").

21

Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff be awarded costs in the amount of $1,568.38, and that Plaintiff's request for the remaining costs be DENIED, without prejudice, and with the right to renew within 30 days by presentation of the underlying documentation supporting those costs.

### E.    Attorneys' Fees

Plaintiff seeks attorneys' fees in connection with the commencement and prosecution of this action and contends it has "submitted bills to substantiate these amounts." *See* Pl. Mem. at 8.  Notwithstanding Plaintiff's contention, the Court has not identified -- and Plaintiff has not directed the Court's attention to -- any contemporaneous time and billing records showing the hours Plaintiffs' counsel spent litigating the action. *See J & J Sports Productions, Inc. v. Guncay*, 18-CV-2097, 2019 WL 1876830, at *10 (E.D.N.Y. Apr. 26, 2019) (denying request for award of attorney's fees finding where attorney's affidavit provided no indication that the summary of hours presented in a table was produced based upon a compilation of contemporaneous time records); *Onewest Bank, N.A. v. Vaval*, 14-CV-3437, 2016 WL 3945342, at *4 (E.D.N.Y. July 19, 2016) (in mortgage foreclosure action where defendant defaulted, court held that without more detailed information regarding the number of hours expended on this matter, the court could not determine whether the fee requested was reasonable); *Joe Hand Promotions, Inc. v. Kings Point Rest.*, *Inc.*, No. 17-CV-1870, 2017 WL 6611705, at *10 (E.D.N.Y. Nov. 3, 2017) ("Although attorneys may appropriately support their fee requests with documentation other than the contemporaneous time records themselves, these alternative documents, such as affidavits, listings of hours, and summary charts, must have been prepared from contemporaneous time records.").  Further, Plaintiff has failed to provide any affidavit or declaration setting forth the professional qualifications and experience of the attorneys and/or

paralegals who have worked on this case. *See Williams v. Ernie Tropical Jerk & Seafood Ctr., Inc.*, No. 15-CV-4710, 2016 WL 8711489, at *5 (E.D.N.Y. Aug. 22, 2016*), report and recommendation adopted as modified*, No. 15-CV-4710, 2016 WL 8711078 (E.D.N.Y. Sept. 9, 2016). "A fee application must be supported by contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed." *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-00878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (citing *Cruz v. Local Union No. 3 of the IBEW,* 34 F.3d 1148, 1160–61 (2d Cir.1994)).

Although the Note and Mortgage provides that the borrower is responsible for the attorneys' fees incurred from enforcing the Note and pursuing foreclosure, Plaintiff has not provided any information to allow the Court to assess an award of reasonable attorney's fees. *See* Mortgage ¶ 9, Note ¶ 6(c). Accordingly, the Court respectfully recommends to Judge Hurley that Plaintiff's request for attorneys' fees be DENIED, without prejudice, and with the right to renew within 30 days if Plaintiff is able to provide contemporaneous billing records and the affidavit or declaration cited above setting forth the professional qualifications and experience of the attorneys and/or paralegals who have worked on this case.

## IV.  CONCLUSION

For the reasons set forth above, the Court respectfully recommends to Judge Hurley that Plaintiff's motion for default judgment be GRANTED, in part, and DENIED, in part. Specifically, the Court recommends that:

1.    Default judgment be GRANTED against the Defendants but that entry of the judgment be deferred pending compliance by Plaintiff's counsel with the directives set forth below.

2.      Plaintiff be awarded damages in the amount of $439,235.53 against Defendant Weisblum, reflecting the Principal balance, interest, late fees, taxes, insurance and inspections.

3.      Plaintiff be awarded costs in the sum of $1,568.38 against Defendant Weisblum at this time, but that the balance of costs sought be DENIED, without prejudice, and with the right to renew within 30 days by presentation of the underlying documentation supporting those costs.

4.      Plaintiff's application for attorneys' fees be DENIED, without prejudice,  and with the right to renew within 30 days if Plaintiff is able to provide contemporaneous billing records and the affidavit or declaration cited above setting forth the professional qualifications and experience of the attorneys and/or paralegals who have worked on this case.

The Court further recommends that at the appropriate time, the Property be foreclosed and sold after judgment is entered, with the proceeds to be applied to the amount owed on the Note.  In addition, the Court respectfully recommends to Judge Hurley that a Referee be appointed to sell the mortgaged premises.

## V.      OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* Fed. R. Civ. P. 6(a) and (e).  Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the chambers of the Honorable Denis R. Hurley.  Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *see also Johnson v. Woods*, 426 F. App'x 10, 11 (2d Cir. 2011) (citing *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003)); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996) (citing *McCarthy v. Manson*, 714 F.2d 234, 237 n.2 (2d Cir. 1983)).

24

**Counsel for Plaintiff is directed to serve a copy of this Report and Recommendation on Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF by August 23, 2020**.

**SO ORDERED:**

Dated: Central Islip, New York
July 19, 2020

/s/ A. Kathleen Tomlinson
A.  KATHLEEN TOMLINSON
United States Magistrate Judge